# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# WESTERN DIVISION

**DIANA L. REED**                                                                                       **PLAINTIFF**

**v.**                              **No. 4:15-CV-607-KGB-BD**

**CAROLYN W. COLVIN, Acting Commissioner,**
**Social Security Administration**                                                   **DEFENDANT**

## RECOMMENDED DISPOSITION

### INSTRUCTIONS

The following Recommended Disposition ("Recommendation") has been sent to Judge Kristine G. Baker. You may file written objections to all or part of this Recommendation. If you do so, those objections must specifically explain the factual and legal basis for your objection. To be considered, objections must be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

### REASONING FOR RECOMMENDED DISPOSITION

Diana Reed applied for social security disability benefits with an alleged onset date of September 24, 2012. (R. at 62). After a hearing, the administrative law judge (ALJ) denied Ms. Reed's application. (R. at 23). Ms. Reed requested review, which the Appeals Council denied. (R. at 1). The ALJ's decision now stands as the Commissioner's final decision, and Ms. Reed has now filed for judicial review. For the reasons explained below, the Commissioner's decision should be reversed and remanded for further proceedings.

I.   **Commissioner's Decision**

The ALJ found that Ms. Reed had several severe impairments: fibromyalgia, arthritis, and disorders of the back and neck. (R. at 16). The ALJ further found, however, that Ms. Reed had the residual functional capacity (RFC) to perform light work, except that she could only occasionally reach overhead bilaterally. (R. at 17). After taking testimony from a vocational expert (VE), the ALJ determined that Ms. Reed could return to her past relevant work as a general ledger accountant, payroll accountant, general/staff accountant or office manager and, therefore, was not disabled. (R. at 22-23).

II.  **Discussion**

In this appeal, Ms. Reed argues that the ALJ failed to fully and fairly develop the record. She also argues that the ALJ improperly assessed her credibility, failed to properly determine her RFC, and failed to properly examine the VE.

The Court's task is to determine whether substantial evidence in the record as a whole supports the Commissioner's findings. *Prosch v. Apfel*, 201 F.3d 1010, 1012 (8th Cir. 2000). "Substantial evidence" is "enough that a reasonable mind would find it adequate to support the ALJ's decision." *Slusser v. Astrue*, 557 F.3d 923, 925 (8th Cir. 2009) (citation omitted). In performing its analysis, the Court must consider not only evidence that supports the Commissioner's findings, but also, evidence that detracts from the decision. *Milam v. Colvin*, 794 F.3d 978, 983 (8th Cir. 2015). The Court cannot

reverse the decision, however, simply because there is substantial evidence to support a contrary outcome.

Ms. Reed argues that the ALJ's decision is not supported by substantial evidence on the record as a whole because, absent the opinions of her treating physicians, the record lacks sufficient medical evidence to support the RFC finding. (R. at 21). In a related argument, she contends that the ALJ improperly gave "great weight" to the opinions of non-examining state agency consultants. She notes that the non-examining doctors, whose reports are dated February 20, 2013 and July 29, 2013 (R. at 69, 80), rendered their opinions without the benefit of the reports of Ms. Reed's treating physicians. (R. at 343–91).

The ALJ gave "little or no weight" to the opinion of Dr. Eleanore Lipsmeyer, citing the rheumatologist's lack of precision in diagnosing Ms. Reed's fibromyalgia. (R. at 21). At Step 2, however, the ALJ relied on Dr. Lipsmeyer's diagnosis in finding that Ms. Reed had medically determinable, severe fibromyalia. Thus, the ALJ both discounted and relied on Dr. Lipsmeyer's opinion. (R. at 16). By discrediting most of the medical records from Ms. Reed's treating physicians, including Dr. Lipsmeyer, the ALJ was left with only non-examining consultants' opinions. The "opinion of a non-treating, non-examining physician" normally does not constitute substantial evidence to support an RFC assessment. *Vossen v. Astrue*, 612 F.3d 1011, 1016 (8th Cir. 2010); *Bowman v. Barnhart*, 310 F.3d 1080, 1085 (8th Cir. 2002) (instead of developing record from

treating physician, ALJ "improperly relied on the report of a state consultant who did not examine" the claimant); see 20 C.F.R. §§ 404.1527(c)(1), 416.927(c)(1).

The ALJ did not contact Ms. Reed's treating physicians for more information or order consultative examinations. *Martise v. Astrue*, 641 F.3d 909, 926–27 (8th Cir. 2014). Based on this record, there is insufficient medical evidence to support the ALJ's determination that Ms. Reed had the RFC to perform a reduced range of light work.

**III.   Conclusion**

Because substantial evidence does not support the Commissioner's decision to deny benefits, the Court recommends that this case be reversed and remanded.

Dated this 20th day of January, 2017.

_____
UNITED STATES MAGISTRATE JUDGE